Curia, per
O’Neall, J.
In this case, the plaintiff’s attorney waived on the appeal the question, whether the answers of the witnesses to the interrogatories were competent ? We do not, therefore, enter into that question. We simply inquire under the first ground, Was the Judge below right, in allowing the defendant at the trial (under a general objection to all the questions for irrelevancy,) to object to the reading of the answers ? We think that he was. There is no law which requires that any objection should be stated to the interrogatories at the time they are crossed. It is a very convenient and advisable practice, that where the questions -are of that kind that an objection presents itself, it should be stated. But if not done, I do not perceive, how the Court, when the testimony is offered to be read, can receive illegal proof against the party who then objects to it. There is nothing in our Buies of Court directing the objection to be made when the interrogatories are crossed. Miller's Comp., 41st, 49th and 50th Bules? 1837. Nor is there anything in the Act authorizing the *272 issuing of a commission. 23 § Act of ’99, 7 Stat. 298. 2d. There is no doubt that where parties join in a commission to take the examination of witnesses, and the commission is returned into Court, either party may move for publication, and neither can object to it, both having an interest in the evidence thus procured, aqd the Court having possession of it, will allow both parties the benefit of it. Pulaski, Jacks & Co. vs. Ward & Co., 2 Rich. 120. Under this rule, as in that case, if the interrogatories in chief could have been read, the plaintiff could have read the cross-interrogatories and the answers to them against the will of the defendant. But here the interrogatories of the plaintiff were ruled out, and it follows as a consequence, that the cross-interrogatories must also go.
The third, fourth, and fifth grounds, present no reasons why the case should go back. This Court does not pretend to control the discretion of the Judge in commenting on the facts. We have no doubt that here it was very properly exercised. Whether the defendant wrote the libel, was a question to be solved by the jury. How are we to say that the jury were in error in giving preponderance to the evidence in favor of the defendant.
The motion is dismissed.
Wardlaw, Whitner, Glover and Munro, JJ., concurred.

Motion dismissed.